UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANNAMARIE ABBOTT,

                              Plaintiff,

        v.                                          **DECISION AND ORDER**
                                                    17-CV-20S

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

1.      Plaintiff Annamarie Abbott challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that she was disabled from January 16, 2008 due to physical and mental impairments.  Plaintiff contends that her impairments render her unable to work, and thus, that she is entitled to disability benefits under the Act.

2.      Plaintiff first applied for disability benefits on January 8, 2009, which the Commissioner denied on June 16, 2009.  Plaintiff requested a hearing before an ALJ.  An ALJ in Buffalo, William E. Straub, held a hearing on December 7, 2010 after which he denied Plaintiff's application in a written decision on January 24, 2011.[1]  The Appeals Council denied Plaintiff's request for review on May 10, 2012, and Plaintiff filed an action in this Court thereafter, challenging the Commissioner's decision.  In an October 25, 2013 Decision & Order, this Court granted the Commissioner's motion for judgment on the pleadings, denied Plaintiff's motion of the same, and dismissed the action.

---

[1]In the meantime, on March 7, 2011, Plaintiff filed a subsequent disability application, alleging a disability onset date of January 25, 2011 (after the period relevant to the application under review), which was granted by an ALJ on January 22, 2013.

3.      Plaintiff appealed this Court's decision to the United States Court of Appeals for the Second Circuit.  On appeal, she argued that the ALJ erred in (1) reaching his Residual Functional Capacity ("RFC") determination; (2) failing to re-contact her treating psychiatrist, Dr. Samant; and (3) reaching a determination that Plaintiff was capable of performing her past relevant work without making the specific, substantial inquiry into the physical and mental demands associated with her past work, and without making the "specific findings" as to whether Plaintiff's mental health, including her stress, affected her ability to return to past relevant work.  (2d Cir., 13-4893, Docket No. 40).

4.      On January 7, 2015, the Second Circuit, reviewing the Commissioner's decision, affirmed in part, vacated in part, and remanded to the Commissioner.  (2d Cir., 13-4893, Docket No. 89 (Summary Order)).  The Second Circuit found reversible error with respect to the Commissioner's determination that Plaintiff was able to return to her past relevant work, finding that the ALJ "offer[ed] only passing mention of [Plaintiff's] identified nonexertional limitations," which deprived the Court of the ability to "determine whether the ALJ conducted the requisite 'careful appraisal' of how [Plaintiff's nonexertional limitations would or would not affect her ability to function as a teacher.  (Id. at 3).  The Second Circuit highlighted Plaintiff's hearing testimony where she "repeatedly emphasized the nonexertional demands associated with her past work as a teacher" and therefore remanded for the Commissioner to further consider and explain whether Plaintiff, in light of her RFC, could indeed perform her past relevant work as a teacher. (Id.).  The Second Circuit affirmed the Commissioner's decision in all other respects.

5.      On remand from the Second Circuit, the Appeals Council subsequently "vacate[d] the final decision of the Commissioner and remand[ed] th[e] case to an [ALJ]

for further proceedings <u>consistent with the order of the court</u>." (R. at 620) (emphasis added).[2] The regulations provide that "[w]hen a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an [ALJ] with instructions to take action and issue a decision[;] [i]f the case is remanded by the Appeals Council, the procedures explained in § 404.977 will be followed." 20 C.F.R. § 404.983. Here, the Appeals Council remanded the case to the Commissioner. This triggered the applicability of § 404.977, which provides that, when the Appeals Council remands a case, the ALJ "<u>shall</u> take any action that is ordered by the Appeals Council and may take any additional action that is <u>not inconsistent</u> with the Appeals Council's remand order." 20 C.F.R. § 404.977(b) (emphasis added). In other words, on remand, the ALJ was required to perform a careful assessment, taking into consideration the RFC determination and the mental and physical requirements of Plaintiff's past relevant work, in determining Plaintiff's ability to return to her past relevant work as a teacher.

6.     A second hearing was held before ALJ Timothy M. McGuan on July 29, 2016, at which Plaintiff (appearing with counsel) and a vocational expert testified. Plaintiff testified that in her past job as a teacher, she taught young children, grades one through three. (R. at 509). Her anxiety, depression fear, as well as physical ailments like headaches, migraines, and crying, at times prevented her from even entering her classroom or the school. (R. at 510). So she resigned. (R. at 511). She was later offered a position as a pre-school teacher, thinking she might "be more comfortable in that environment" rather than her "prior experience as a teacher." (R. at 512). But her "mental

---

[2] Citations to the underlying administrative record are designated as "R."

health" continued to "stop[] [her] from doing some of the work"; for example, she "was unable to stay on top and pace"; she "could not interact with the parents and staff properly"; she "always needed to leave and go home" and "could never stay for meetings." (R. at 512). In other words, she "wasn't a[b]le to perform the responsibilities of a teacher." (R. at 512). So she "was asked to leave" the job at the preschool. (R. 512). She elaborated that any teaching job—pre-school or elementary school or middle school—requires, essentially, the same duties: maintaining classroom discipline, talking to students, keeping lesson plans in order, managing "classroom . . . chaos," keeping the students focused, and handling administrative tasks. (R. at 514). The Vocational Expert next testified. He discussed the job responsibilities of a teacher, a teacher's aide, and daycare worker. He testified that a person performing these jobs would "frequent[ly]" interact with other people, and "like the [Plaintiff] testified to," would be required to "control[] [her] classroom, control[] the students' behavior, [and] deal[] with the disruptive students." (R. at 524-25). He added that there are "a lot of variables" in these jobs that require a person to "adapt to whatever the situation is." (R. at 526).

7.      The ALJ denied Plaintiff's application in a written decision on November 7, 2016. Plaintiff appealed the ALJ's decision directly to this Court on January 9, 2017, after the ALJ's decision became final. See 20 C.F.R. § 416.1484(d). On June 4, 2017, Plaintiff filed a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 10). On August 3, 2017, the Commissioner filed a Motion for Judgment on the Pleadings. (Docket No. 13). On August 24, 2017, Plaintiff filed a reply brief, at which time this Court took the matter under advisement without oral

argument. For the following reasons, Plaintiff's motion is granted, and Defendant's motion is denied.

8.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. <u>See</u> 42 U.S.C. §§ 405(g), 1383(c)(3); <u>Wagner v. Sec'y of Health & Human Servs.</u>, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. <u>See</u> <u>Grey v. Heckler</u>, 721 F.2d 41, 46 (2d Cir. 1983); <u>Marcus v. Califano</u>, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. <u>See</u> <u>Rutherford v. Schweiker</u>, 685 F.2d 60, 62 (2d Cir. 1982).

9.      "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." <u>Williams on Behalf of Williams v. Bowen</u>, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." <u>Rosado v. Sullivan</u>, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination

considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." <u>Valente v. Sec'y of Health & Human Servs.</u>, 733 F.2d 1037, 1041 (2d Cir. 1984).

      10.    The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. <u>See</u> 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in <u>Bowen v. Yuckert</u>, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

      11.    The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

<u>Berry v. Schweiker</u>, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); <u>see</u> <u>also</u> 20 C.F.R. § 404.1520; <u>Rosa v. Callahan</u>, 168 F.3d 72, 77 (2d Cir. 1999).

12.     Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

13.     In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff did not engage in substantial gainful activity from January 16, 2008 through January 25, 2011 (R. at 490); (2) Plaintiff's depressive disorder, panic disorder, and headaches are severe impairments within the meaning of the Act (R. at 491); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in the C.F.R. (R. at 491); (4) Plaintiff retained the residual functional capacity ("RFC") to perform a range of medium work as defined in 20 C.F.R. § 404.1567(b), except she can frequently understand, remember, and carry out complex and detailed tasks and can frequently interact with others (R. at 492); and (5) Plaintiff was capable of performing past relevant work as a teacher (secondary or elementary) because it does not require the performance of work-related activities precluded by the claimant's RFC; in the alternative, Plaintiff was capable of performing the work of a teacher's aide or daycare worker (R. at 495). Accordingly, the

ALJ determined that Plaintiff was not under a disability as defined by the Act during the relevant period— January 16, 2008 through January 25, 2011.  (R. at 496).

14.     Plaintiff argues that the ALJ's failure to account for her moderate limitations in dealing with stress when determining that she was able to perform her past work as a teacher, as well as other similar jobs involving teaching, require remand.  (Docket No. 10-1 at 14-17).  She further argues that the ALJ "provided no explanation [as to] how this moderate limitation was accounted for" both in his RFC determination that she had the capacity to perform past relevant as a teacher, or other work as a teacher's aide or daycare worker.  The Commissioner, in turn, argues that the ALJ was not "required to fully evaluate [Plaintiff's] specific triggers of stress prior to assessing her RFC and deciding that she could perform her past relevant work or work as a teacher's aide and daycare worker."  (Docket No. 13-1 at 20-21).

15.     The Commissioner is wrong; that is, in fact <u>exactly</u> what the ALJ was required to do.  "Because stress is 'highly individualized,' mentally impaired individuals 'may have difficulty meeting the requirements of even so-called 'low-stress' jobs,' and the Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect his ability to work."  <u>Stadler v. Barnhart</u>, 464 F. Supp. 2d 183, 189 (W.D.N.Y. 2006) (citing SSR 85–15; <u>Welch v. Chater</u>, 923 F. Supp. 17, 21 (W.D.N.Y. 1996) ("Although a particular job may appear to involve little stress, it may, in fact, be stressful and beyond the capabilities of an individual with particular mental impairments.")).  In fact, "[a]n ALJ is required to specifically inquire and analyze a claimant's ability to manage stress."  <u>Booker v. Colvin</u>, No. 14-CV-407S, 2015 WL 4603958, at *3 (W.D.N.Y. July 30, 2015).

16.     Here, in determining Plaintiff's RFC, the ALJ gave "significant weight" to the opinion of consultative psychologist, Dr. Thomas Ryan.  (R. at 493).  The ALJ noted that Dr. Ryan opined that Plaintiff "has a moderate limitation in her ability to deal adequately with others and deal with stress."  (R. at 493).  Yet, "the ALJ failed to make specific findings concerning the nature of Plaintiff's stress, the circumstances that trigger it, and how those factors affect her ability to work."  Booker, 2015 WL 4603958, at *3.  "An ALJ's failure to explain or account for stress limitations in the RFC—particularly when opined by an acceptable medical source given great weight—is an error that requires remand."  Cooley v. Berryhill, No. 6:16-CV-06301-EAW, 2017 WL 3236446, at *12 (W.D.N.Y. July 31, 2017).  This is particularly troubling given Plaintiff's extensive testimony regarding the stress and anxiety triggers caused by her past work as a teacher to young children.  "When the plaintiff's impairment is a mental one, special 'care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work.'"  Welch, 923 F. Supp. at 20 (quoting Social Security Ruling 82–62 (1982)).  Because that special care was not taken here in determining Plaintiff was capable of performing her past work as a teacher, or related jobs, the Court finds that "the ALJ did not fulfill his legal obligation to adequately explain his reasoning in making the findings on which his ultimate decision rests."  Lomax v. Comm'r of Soc. Sec., No. 09-CV-1451, 2011 WL 2359360, at *3 (E.D.N.Y. June 6, 2011).

17.     After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this

decision.  The Court will also note that it is further troubling that this is the exact issue on which the Second Circuit remanded for the Commissioner to consider in the first place; the Commissioner, therefore, also disregarded the regulatory requirements articulated in 20 C.F.R. §§ 404.977, 404.983.  Accordingly, Plaintiff's Motion for Judgment on the Pleadings is granted.  Defendant's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:      June 28, 2019
             Buffalo, NY

                         /s/William M. Skretny
                         WILLIAM M. SKRETNY
                         United States District Judge